IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY HERNANDEZ, individually and on behalf of all others similarly situated, | ) ) ) Case No.: 1:25-cv-06787 |
| Plaintiff, | ) ) Honorable Jeremy C. Daniel |
| v. | ) ) Magistrate Judge Young B. Kim |
| BEDFORD DENTAL, L.L.C., | ) ) |
| Defendant. | |

**DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS**

NOW COMES, Defendant Bedford Dental, L.L.C. ("Defendant" or "Bedford Dental"), by and through its counsel, Roetzel & Andress, LPA, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully requests that this Court dismiss the Complaint of Plaintiff, Mary Hernandez, individually and on behalf of all others similarly situated ("Plaintiff" or "Ms. Hernandez"), with prejudice, and in support states as follows:

**Introduction and Summary of Argument**

Plaintiff brings this action seeking damages for violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(c)(5), based on text messages sent to her by Defendant in the spring of 2025. Plaintiff's TCPA claims should be dismissed because the TCPA does not apply to text messages. In a substantially similar case, the Central District of Illinois recently held that based upon a plain reading of the TCPA and its implementing regulations, the TCPA does not apply to text messages. *See Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764 (C.D. Ill. July 21, 2025). In *Jones*, the plaintiff alleged TCPA claims under Section 227(c)(5) based on text messages as opposed to phone calls, and the Central District dismissed those claims pursuant to

1

Rule 12(b)(6). This case presents a near-identical fact pattern. This Court should similarly find that the text messages Plaintiff received in this case are not a viable basis for a TCPA claim.

## Statement of Undisputed Material Facts

1. Plaintiff's Complaint contains screenshots of the following text communications that she alleges Defendant sent to her at her 2224 number between March 20, 2025 and May 8, 2025:



*See* Complaint (Dkt. # 1), at ¶¶ 13-14.

2. Counts I and II of the Complaint allege claims for violation of the TCPA, 47 U.S.C. § 227(c)(5) and § 227(c)(2), based on Defendant's alleged conduct in sending the aforementioned text messages and its alleged failure to maintain its database after Plaintiff requested to "STOP" receiving messages from Defendant. *See* Complaint, ¶¶ 56-75.

3. Plaintiff's Complaint does not include any allegations or claims relating to telephone calls as opposed to text message communications.

## ARGUMENT

**I. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THE TCPA DOES NOT APPLY TO TEXT MESSAGES.**

Dismissal is warranted in this case because, simply put, the TCPA does not apply to text messages. In a recent decision, *Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764 (C.D. Ill. July 21, 2025), the Central District of Illinois found in favor of the Defendant on a rule 12(b)(6) motion where, like here, the plaintiffs' claims were based on text message communications as opposed to telephone calls. The *Jones* opinion is attached hereto as **Exhibit A**. In *Jones*, the Central District explained that, based upon the Supreme Court's recent decisions in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 145 S. Ct. 2006 (2025) and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), a district court "must independently determine for itself whether [the FCC's] interpretation of the language of [the TCPA] is correct. District courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *See Jones*, at *3 (citing *McLaughlin* and *Loper Bright*). The *Jones* case was recently appealed to the Seventh Circuit, where it is now captioned as *Seth Steidinger, et al. v. Blackstone Medical Servs., LLC*, Court of Appeals Docket # 25-02398. *See* Pacer docket print-out, attached hereto as **Exhibit B**.

Applying the Supreme Court's guidance to apply ordinary principles of statutory interpretation, the *Jones* court conducted a thorough reading of the TCPA and found that "Section 227(c)(5) of the TCPA includes 'telephone call' and does not mention text messages or SMS messages, and nowhere does the TCPA define 'telephone call' to include text and/or SMS messages." *Jones*, 2025 WL 2042764, at *5. The court granted the defendants' motion to dismiss, concluding that "it is not for a court to legislate by reading into the TCPA something that is not there." *Id*.

This Court should likewise find that Plaintiff's claims in this case are not actionable under the TCPA. This case is on all fours with *Jones*. As in *Jones*, Plaintiff's claims are based solely on text messages she received from Defendant, as opposed to telephone calls. Just as the *Jones* court relied on the Supreme Court's guidance in *McLaughlin* and *Loper Bright* to not read terms into the TCPA that are not there, so too should this Court.

## II.  ALTERNATIVELY, THIS CASE SHOULD BE STAYED PENDING THE APPEAL IN *JONES/STEIDINGER*.

In the alternative to dismissing Plaintiff's Complaint, this Court should stay all proceedings in this matter pending the appeal of the *Jones/Steidinger* case. This Court has the power to stay proceedings pending appeal, as "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Further, a court is "within its discretion to grant a stay when a related case with substantially similar issues is pending before a court of appeals." *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015).

As discussed above, the *Jones* case presents substantially similar issues to those in the case at bar. If the Seventh Circuit affirms the ruling the Central District's ruling in *Jones*—that text

4

messages are non-actionable for a TCPA claim—there is no question that Plaintiff's claims would be subject to dismissal. It would be highly inefficient for the parties to go through the arduous and costly discovery process in this case when there is a significant possibility that the Seventh Circuit will uphold the *Jones* decision and effectively extinguish Plaintiff's claims. The "interests of the parties" and the "appropriate conservation of judicial resources" both weigh in favor of granting a stay. *See Greco*, 116 F. Supp. 3d at 761.

WHEREFORE, Defendant Bedford Dental, L.L.C. respectfully requests that this Court dismiss Counts I and II of Plaintiff's Complaint or, in the alternative, stay all proceedings in this Court pending the outcome of the appeal in *Seth Steidinger, et al. v. Blackstone Medical Services, LLC*, and grant any further relief this Court deems necessary and just.

Date: October 10, 2025   BEDFORD DENTAL, L.L.C.,

*/s/ Marc H. Kallish*
Marc H. Kallish (6231021)
Andrew C. Clott (6326728)
mkallish@ralaw.com
aclott@ralaw.com
Roetzel & Andress, LPA
70 W. Madison Street, Suite 3000
Chicago, IL 60602
Telephone: 312.580.1200

23965765 _1

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on October 10, 2025, in accordance with Fed. R. Civ. P. 5 and LR 5.5, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in the above-captioned matter.

*/s/ Marc H. Kallish*